IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bruce McNeil Richardson, # 291292, | ) C/A No.: 2:14-2714-DCN-WWD |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Alan Wilson, *Attorney General of South Carolina*; and Melanie Huggins-Ward, *Clerk of Court of Horry County*, | ) |
| Defendants. | ) |

Plaintiff Bruce McNeil Richardson ("Plaintiff" or "Richardson"), proceeding pro se and in forma pauperis, brings this civil action against Defendant Alan Wilson, Attorney General of South Carolina, and Melanie Huggins-Ward, Clerk of Court of Horry County. (See Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## **PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The Complaint

herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

In the instant § 1983 action, Plaintiff names the following individuals as Defendants: Alan Wilson, Attorney General of South Carolina, and Melanie Huggins-Ward, Clerk of Court of Horry County. (See generally Dkt. No. 1.) Plaintiff states that he "seek[s] an order

of injunction." (Dkt. No. 1 at 2 of 5.) Plaintiff asserts that on or about December 18, 2006, Plaintiff "filed a motion for relief from judgment or order pursuant to Rule 60(b), S.C. R. Civ. Proc. alleging 'extrinsic fraud' upon the court perpetrated by officers of the court." (Id. at 3 of 5.) Plaintiff asserts that the "fraud complained of therein is a violation of Plaintiff's constitutional rights and [that] those rights continue to be violated to this day by the defendants." (Id.) Plaintiff complains that he filed the motion seeking a hearing in order to determine if his rights were violated, and in order to establish a record, but Defendants "refuse to grant Plaintiff a hearing on the 60(b) motion, and to appoint counsel to Plaintiff in order to help Plaintiff litigate" the motion. (Id.) Plaintiff asserts the Defendants "also refuse to even acknowledge the 60(b) motion." (Id.) According to Plaintiff, his rights under the First, Sixth, and Fourteenth Amendments have been violated "for refusing to afford Plaintiff due process of law and the opportunity to be heard for eight and one half years." (Id. at 4-5 of 5.) In the "Relief" section of his Complaint, Plaintiff asks this Court to "issue an order of injunction to the defendants with instructions to hold a hearing on the now stale 60(b) motion, and to appoint counsel" to litigate the motion within sixty days, or "overturn Plaintiff's conviction and release Plaintiff from confinement." (Id. at 5 of 5.)

The undersigned recommends that Plaintiff's case be dismissed without prejudice and without issuance and service of process. To the extent Plaintiff seeks injunctive relief against Defendant Huggins-Ward, Clerk of Court of Horry County, such relief is not available. See Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006); Lawrence v. Kuenhold, 271 F. App'x 763, 766 & n.6 (10th Cir. 2008); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official); see also Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by

Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)).

Plaintiff's claim against Defendant Wilson, Attorney General of South Carolina, likewise fails. Plaintiff has not alleged any personal involvement on the part of Defendant Wilson, and respondeat superior is generally not applicable in § 1983 actions. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations.").

Finally, the undersigned notes that although the instant action is styled as a § 1983 claim for injunctive relief, Plaintiff seeks the alternative relief of having his conviction overturned and being released from prison. (See Dkt. No. 1 at 5 of 5.) Such relief is not available in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 18, 2014
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).